**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

IVORY BEAUCHAMP,

     Plaintiff,

v.

WELLS FARGO BANK, N.A.;
CAPITAL ONE, N.A.; EXPERIAN
INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES,
LLC, and TRANSUNION, LLC,

     Defendants.

Case No.: 2:26-cv-694

**Complaint for Damages:**
     **Violation of Fair Credit**
     **Reporting Act**

Plaintiff, Ivory Beauchamp, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.      INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.      PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Milwaukee, Wisconsin.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendants, Wells Fargo Bank, N.A. ("Wells Fargo") and Capital One, N.A. ("Capital One") are and at all times relevant hereto were, lending institutions regularly doing business in the State of Wisconsin.

5. At all times pertinent hereto, Defendants Wells Fargo and Capital One are

a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendants Wells Fargo and Capital One were at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendants Wells Fargo and Capital One are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Wisconsin.

9. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Wisconsin.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

13. Defendant, Equifax Information Services, LLC ("Equifax"), is a credit reporting agency, licensed to do business in Wisconsin.

14. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Wisconsin.

15. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

16. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

17. At all times pertinent hereto, Defendant Equifax was a "person" and

"consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

18. Defendant, TransUnion, LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Wisconsin.

19. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Wisconsin.

20. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

21. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

22. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

23. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

24. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

25. Personal jurisdiction exists over Defendants as Plaintiff resides in Wisconsin, Defendants have the necessary minimum contacts with the state of Wisconsin, and this suit arises out of specific conduct with Plaintiff in Wisconsin.

### IV. FACTUAL ALLEGATIONS

26. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Wells Fargo, Capital One, Experian, Equifax and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

27. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

28. The CRAs' primary business is the sale of consumer reports (commonly

Beauchamp v. Wells Fargo, et al.                3                                    COMPLAINT

referred to as "credit reports") to third parties and consumers.

29. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

30. Plaintiff discovered the Wells Fargo account # 3700XXXXXXXX and the Capital One account # 5178XXXXXXXXon their Equifax, Experian, and TransUnion consumer reports in error (the "Accounts").

31. The Accounts do not belong to the Plaintiff.

32. Plaintiff completed a Federal Trade Commission Identity Theft Report, under penalty of perjury, reporting the fraudulent information associated with the Accounts for investigation and prosecution.

33. The Defendants continue erroneously to report the Accounts with balance due and owing inclusive of late fees and penalties, and a derogatory status.

34. The false information regarding the two Accounts appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

35. On or about January 22, 2026, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer report.

36. On or about January 22, 2026, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding Accounts reporting on Plaintiff's consumer report.

37. On or about January 22, 2026, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer reports.

38. Upon information and belief, Equifax, Experian and TransUnion forwarded

Plaintiff's Disputes (collectively the "Dispute Letters") to Defendants Wells Fargo and Capital One.

39. Upon information and belief, Wells Fargo and Capital One received notification of Plaintiff's Dispute Letters from Equifax, Experian, and TransUnion.

40. Upon information and belief, Wells Fargo and Capital One verified the erroneous information associated with the Accounts to Equifax, Experian, and TransUnion.

41. Wells Fargo and Capital One failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

42. Equifax, Experian, and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

43. Upon information and belief, Wells Fargo and Capital One failed to instruct Equifax, Experian, and TransUnion to remove the false information regarding the Accounts reporting on Plaintiff's consumer reports.

44. Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Dispute Letters.

45. At no point after receiving the Dispute Letters did Wells Fargo and Capital One, Equifax, Experian, or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

46. Equifax, Experian, and TransUnion relied on their own judgment and the information provided to them by Wells Fargo and Capital One rather than grant credence to the information provided by Plaintiff.

47. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Accounts.

48. Plaintiff has lost time working to resolve the adverse information associated

with the Account to prevent harm.

<h3 style="text-align:center">COUNT I – EXPERIAN</h3>

<h3 style="text-align:center">FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)</h3>

49. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

50. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

51. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

52. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

<h3 style="text-align:center">COUNT II – EXPERIAN</h3>

<h3 style="text-align:center">FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i</h3>

56. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully

set forth herein.

57. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

58. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

59. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

63. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

64. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

65. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation

Beauchamp v. Wells Fargo, et al.   7   COMPLAINT

of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

66. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

68. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

70. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

71. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

72. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

73. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by

the trier of fact.

74. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

75. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

76. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

77. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

78. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

79. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

80. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

81. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

82. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to

recover damages under 15 U.S.C. §1681o.

83. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

84. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

85. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

86. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

87. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

88. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

89. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

90. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

<u>**COUNT VII – WELLS FARGO AND CAPITAL ONE**</u>

<u>**Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)**</u>

91. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

92. After receiving the Dispute Letters, Wells Fargo and Capital One failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

93. Defendants violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendants Wells Fargo and Capital One's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendants Wells Fargo and Capital One's representations to consumer credit reporting agencies, among other unlawful conduct.

94. As a result of this conduct, action, and inaction of Defendants Wells Fargo and Capital One, Plaintiff suffered damages and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

95. Defendants Wells Fargo and Capital One's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

96. In the alternative, Defendants Wells Fargo and Capital One was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

97. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Wells Fargo and Capital One pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

Beauchamp v. Wells Fargo, et al.    11    COMPLAINT

**COUNT VIII – EQUIFAX, EXPERIAN, TRANSUNION**

**Fair Credit Reporting Act Violation – 15 U.S.C. §1681c-2**

98. Plaintiff re-alleges and reaffirms the above paragraphs 1-48 as though fully set forth herein.

99. Plaintiff submitted a Federal Trade Commission Identity Theft Report to Equifax, Experian, and TransUnion that listed the Account as information that reports because of identity theft.

100. After receiving the Dispute Letters containing Plaintiff's Federal Trade Commission Identity Theft Report, Equifax, Experian, and TransUnion failed to block the Account from reporting to the Plaintiff's consumer reports.

101. Equifax, Experian, and TransUnion violated 15 U.S.C. §1681c-2 by failing to block the reporting of any information in Plaintiff's Equifax consumer file that the Plaintiff identified as information that resulted from identity theft.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

C. The costs of instituting this action together with reasonable attorney's fees

incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this April 21, 2026.

*/s/ Joseph Panvini*
Joseph Panvini, Esq.
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Joe.Panvini@mccarthylawyer.com
Attorney for Plaintiff

Beauchamp v. Wells Fargo, et al.    13    COMPLAINT